# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Shirland L. Fitzgerald,** ) | **CASE NO. 4:18 CV 286** |
| ) | |
| **Petitioner,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **v.** ) | |
| ) | **Memorandum of Opinion and Order** |
| **Steven Merlak, Warden** ) | |
| ) | |
| **Respondent.** ) | |

## BACKGROUND

*Pro se* Petitioner Shirland L. Fitzgerald filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner is incarcerated in the Elkton Federal Correctional Institution, having been convicted in the Western District of Virginia of Conspiracy to Commit Money Laundering. In his Petition, he challenges the conditions of his confinement. Specifically, he states: (1) he was denied freedom of religion, due process and equal protection when he was told he could not enter the Life Connections religious program for nine months; and (2) three men are being housed in cubicle cells designed to hold two men, creating overcrowded conditions. He seeks immediate transfer to FCI Petersburg in Virginia to participate in a Life Connections program, and an Order from this Court directing FCI Elkton to reduce the number of inmates in each cubicle.

**STANDARD OF REVIEW**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under Section 2243).

**DISCUSSION**

In general, habeas corpus is available to prisoners seeking relief from unlawful imprisonment or custody. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Federal prisoners may use 28 U.S.C. § 2241 to attack the manner in which their sentence is being executed, such as the computation of sentence credits or parole eligibility. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). A §2241 Petition, however, is not available to review questions unrelated to the cause or duration of detention. *Martin*, 391 F.3d at 714. Prisoners challenging the conditions of their confinement must do so through a civil rights action.

*Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). Virtually every aspect of a prisoner's daily life that does not affect the fact or duration of his incarceration is considered a "condition of confinement."

Here, Petitioner is challenging the denial of placement in religious programing and his placement in a cubicle cell he deems to be overcrowded. Because neither of these claims directly concerns the duration of his federal sentence or his release from incarceration with the Bureau of Prisons, and solely challenge the conditions of his confinement, they are not the proper subject of a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

### **CONCLUSION**

For all the foregoing reasons, the Petition (ECF No. 1) is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 6/11/18